WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Kayla Byrd,

Plaintiff,

v.

Katie Hobbs, et al.,

Defendants.

No. CV-26-04755-PHX-SHD

**ORDER**

On July 8, 2026, pro se Plaintiff Kayla Byrd filed a Complaint against Defendants Governor Katie Hobbs and the Arizona Board of Behavioral Health Examiners (the "Board"), (Doc. 1), as well as an Application for Leave to Proceed In Forma Pauperis ("IFP"), (Doc. 3). The Court will grant the IFP Application and dismiss the Complaint with leave to amend.

## I. IFP APPLICATION

In her IFP Application, Plaintiff indicates she has insufficient funds to pay the filing fee for this action. The Court, in its discretion, will grant Plaintiff's Application for Leave. *See Escobedo v. Applebees,* 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Plaintiff will not be required to pay the filing fee for this action.

## II. STATUTORY SCREENING OF IN FORMA PAUPERIS COMPLAINTS

Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff has been granted IFP status, a

court must dismiss the case if the court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. But as the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (emphasis removed). A "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's Complaint for failure to state a claim, with leave to amend

because it may possibly be amended to state a claim.

## III. PLAINTIFF'S COMPLAINT

Plaintiff asserts claims under both 42 U.S.C. § 1983 and state law against Governor Hobbs, in her official capacity, and the Board. (Doc. 1 at 3.) As to Governor Hobbs, the Complaint includes no specific act or omission by her, and it appears that she was named solely due to her role as the head of the executive branch of the State of Arizona. As to the Board, Plaintiff alleges that it revoked her license in September 2025 without providing her procedural due process, discriminated against her based on her race in violation of the Equal Protection Clause, and violated her substantive due process rights by exploiting her behavioral health disability. (*Id.*) Plaintiff seeks a declaratory judgment, reinstatement of her license, and $18,659,500 in damages. (*Id.* at 10–11.)

## IV. DISCUSSION

### A. The Board

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). The Board is a state agency not subject to suit under § 1983. *Robinson v. Centene Corp./Nursewise*, 2007 WL 2023480, at *2 (D. Ariz. July 12, 2007) (dismissing as to a § 1983 claim because "it is clear that the [Board], as an agency of the State of Arizona, sovereign immunity has not been waived"). Accordingly, Plaintiff may not pursue her § 1983 claims against the Board.

### B. Governor Hobbs

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor*, 880 F.2d at

1045; *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

A plaintiff may, however, seek prospective injunctive and declaratory relief against a state official sued in their official capacity under the *Ex parte Young* exception to sovereign immunity under the Eleventh Amendment. *E.g.*, *Seagraves v. Washington State Dep't of Child. Youth & Fams.*, 182 F.4th 1083, 1090 (9th Cir. 2026). To do so, the plaintiff must allege "that the officer has 'some connection with the enforcement of the act.'" *Matsumoto v. Labrador*, 122 F.4th 787, 802 (9th Cir. 2024) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).

Here, Plaintiff has not alleged that Governor Hobbs personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Nor has she alleged that Governor Hobbs was, in any way, connected with the enforcement of licensing activities undertaken by the Board. Simply put, Plaintiff has made no allegations at all against Governor Hobbs, and her claims for damages and prospective relief fail based on sovereign immunity.[1]

**C. State Law Claims**

Because the Court dismisses the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims at this time, and therefore does not assess the viability of those claims. *See, e.g.*, *Gedney v. Dolgen N.Y., LLC*, 763 F.

---

[1] Even if sovereign immunity did not bar Plaintiff's claims, she has failed to state a claim. She generally alleges that the Board denied her procedural due process but does not identify with any specificity what process was due and denied by the Board and instead challenges its conclusions as to her mental stability. She also alleges that the Board engaged in discriminatory conduct and "de jure segregation" in violation of the Equal Protection Clause but identifies no conduct by the Board that would render her claim plausible. Finally, she sets forth no facts that would make her substantive due process claim plausible. Plaintiff has failed to state a claim for an ongoing violation of the Fourteenth Amendment.

Supp. 3d 356, 363 (W.D.N.Y. 2025) ("When a federal court dismisses federal claims, the court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).").

## V. LEAVE TO AMEND

For the reasons above, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Because it is not clear whether Plaintiff could allege facts giving rise to an actionable claim, she will be given leave to amend. *See Lopez*, 203 F.3d at 1127–29. Within 30 days from the date of this Order, Plaintiff may submit a first amended complaint.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original Complaint is waived if it is not alleged in the amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI. WARNINGS

### A. Address Changes

If Plaintiff's address changes during the course of this litigation, she must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963

F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

## VII. CONCLUSION

Accordingly,

**IT IS ORDERED:**

(1) Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 3) is **granted**. Plaintiff is not required to pay the filing fee.

(2) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 9th day of October, 2026.



Honorable Sharad H. Desai
United States District Judge